Andrew McLain, J.,
delivered the opinion of the Court.
*273 In this case the plaintiff in error, Smith, filed his petition for writs of certiorari and supersedeas, alleging that an execution had been issued against him as stay- or in a case where a judgment was rendered by a justice of the peace against William and Isham Jennings, and insists that he is not bound as stayor, and that it would be unjust for him to be forced to pay the said judgment.
The question whether he became stayor was submitted to a jury, who found against him, and the Court thereupon ordered a procedendo to the justice of the peace.
Upon the trial, the justice of the peace who rendered the judgment was introduced by Smith, who swore that he was in the town of McMinnville, several miles from where he lived; that William and Isham Jennings and Smith, came to him and inquired for the amount of the judgment against the Jennings’ in favor of Martin. He states that he had not, at that time, examined the papers or rendered the judgment; that the papers had been, before that time, handed to him by a son of Martin, but that he had left them at home without reading them; that the two Jennings stated to Smith the amount they had paid, and said there was a balance due of about only eighty dollars. Smith said to the witness that he would become stayor for that amount. He also states that Smith never gave any written order of stay, and never came before him to become stayor, except in McMinnville, as just stated, when the papers were not present, and before he had read them or rendered the judgment.
*274 He also' swears that he wrote out the judgment some time after, but don’t recollect how long after, and put Smith down as' stayor for $80.
The original docket of the justice was introduced. An entry appears on this docket in this form:
“1860. August 11. A. Martin ) Stayor, W. F. Smith, vs. Vfor $80.00. Debt, ¥m. Jennings, Isham Jennings. J $145.72. D. WlSEMAU, J. P.”
Wiseman further states that about the time this judgment was rendered he saw the plaintiff, Martin, and told him of the difficulty; and Martin said in reply that the Jennings’ would pay it so soon as they got back from the South.
He was asked, on cross-examination, if he had not altered or erased his docket? He said he had not.
It is stated in the bill of exceptions that the original warrant and' three executions, were read as evidence to the jury.
The warrant does not appear in the record. Only two executions appear in the record.
The amount of the judgment as recited in one of these executions, corresponds with the amount indicated as the judgment on the justice’s docket. In the other the amount of the judgment as recited does not correspond with the amount of the judgment as it appears on the justice’s docket.
The effort of Martin on the trial, was to show that the docket of the justice had been altered, and as it originally appeared Smith was bound for $146.72, the full amount of the judgment against the Jennings’, his principals.
*275 One witness, a son of Martin, the plaintiff below, swears that he saw among the papers of the justice of the peace a paper writing which purported to be an order from Smith to Wiseman, the justice, authorizing him to place his name as stayor to the judgment against the Jennings’ in favor of Martin, and swears with much particularity as to the amount of the judgment mentioned in the order, and states that it was mentioned in the order as a judgment for $145.72.
He does not know, however, the handwriting of Smith, and don’t recollect the date.
Wiseman, the justice, denies that there was at any time, any such order in his possession.
This case is remarkable for the confusion and conflict which exists in the evidence, and the charge of the Court is exceedingly obscure.
Waiving all discussion of other exceptions to the rulings of the Court, it is sufficient to notice the following statement in the charge, viz:
His Honor stated to the jury,- that it was incumbent on Smith, who is presented by docket of the justice of the peace as stayor, to show that he is not legally bound as such stayor.
These instructions, applied to the facts of this case, are erroneous.
Whether the docket of the justice had been altered or not, it appears from the statements of the docket, in its present form, that Smith is only stayor for $80 of the judgment.
If His Honor meant, that it devolved on Smith to *276 show by extrinsic evidence, that he was not bound for so much as $80 of the judgment, otherwise he would be bound for that amount, then the charge is erroneous. For, taking the docket in its present condition, without any extrinsic evidence being brought to bear upon it, Smith is not bound as stayor for any amount. To become stayor, is to confess judgment. The judgment confessed by the stayor, cannot be for a less amount than the judgment against the original defendants: Roberts vs. Cross, 1 Sneed Rep., 238.
If His Honor meant, that it was incumbent on Smith to show that he was not legally bound for the full amount of the judgment, of $145.72, then the charge is erroneous.
As we have just seen, the statements of the docket are, that Smith is stayor for only $80.
This being so, it was error in the Court to instruct the jury, that, unless Smith showed that there had been no alteration in the docket, by which it had been placed in its present form, he would be bound, as stayor, for the $145.72.
The necessary effect of the charge is, that it was .incumbent on him to show that he was not bound, as .stayor, for $145.72, when the docket, on its face, did .not show that he was so bound.
In a case like the present, where the finding is .against the alleged stayor, the proper judgment against him is for the amount due on the judgment, against his principals, with interest, at the rate of 12| per cent, per annum, and cost: Code, secs. 3124, 3138; 2 Head, 343.
*277 Sis Honor, in this case, awarded a procedendo to the justice.
It does not appear, with reasonable certainty, from the record, for what amount the justice is to issue execution against the stayor, in obedience to the 'proce-dendo, whether for $80 only, or for the $145.72.
Let the judgment be reversed, and the cause remanded.